UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC MIKE ABERGEL,<br><br>         Plaintiff,<br><br>    -against-<br><br>NEW YORK LOTTERY,<br><br>         Defendant. | ORDER OF DISMISSAL AND TO SHOW<br>CAUSE UNDER 28 U.S.C. § 1651<br><br>19-CV-6088 (CM) |
| ISAAC MIKE ABERGEL,<br><br>         Plaintiff,<br><br>    -against-<br><br>VERIZON,<br><br>         Defendant. | 19-CV-6398 (CM) |

COLLEEN MCMAHON, United States District Judge:

  Plaintiff Isaac Mike Abergel, acting *pro se* and *in forma pauperis*, has filed 43 cases in the past thirty days. Several have already been transferred to other district courts or dismissed. By orders dated July 17, 2019, the Court granted Plaintiff's requests to proceed without prepayment of fees, that is, *in forma pauperis* in the above-referenced actions. The Court dismisses these two actions for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

In *Abergel v. New York Lottery*, ECF 1:19-CV-6088, 2, p. 2, Plaintiff asserts, without any factual allegations whatsoever, that the defendant has engaged in "fraud," "fraud by deception," and/or is "aiding and abetting fraud." (ECF No. 2). He seeks one billion dollars.

In *Abergel v. Verizon*, No. 1:19-CV-6398 (S.D.N.Y.), Plaintiff alleges that Defendant Verizon is "guilty of fraud, conspiracy, . . . aiding and abetting murder." He states that "a few weeks ago, someone came to [his] house saying they were from the phone company demanded that I open without verifying they were from Verizon. " He "reported [this] to police." Plaintiff contends that Verizon is engaged in "fraud [and] aiding abetting fraud [and] conspiracy to commit murder." (ECF No. 1.)

## DISCUSSION

A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.[1]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaints cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaints in these actions.

## LITIGATION HISTORY

Plaintiff has filed 43 cases within the past thirty days, availing himself of the privilege to proceed *in forma pauperis*. *See Abergel v. Bank of Am.*, No. 1:19-CV-6643 (filed July 16, 2019); *Abergel v. Santender Bank*, No. 1:19-CV-6535; *Abergel v. Facebook, Inc.*, No. 1:19-CV-6474 (filed July 9, 2019); *Abergel v. California*, No. 1:19-CV-6417 (filed July 9, 2019); *Abergel v. NewPort Pleasure*, No. 1:19-CV-6416 (filed July 9, 2019); *Abergel v. Midwest Recovery Sys., LLC*, 1:19-CV-6145 (filed July 9, 2019); *Abergel v. Stig, Inc.*, No. 1:19-CV-6414 (filed July 9, 2019); *Abergel v. California Franchise Tax Bd.*, No. 1:19-CV-6413 (filed July 9, 2019); *Abergel*

---

[1] In addition, the State of New York, which is the sole defendant in *Abergel v. New York*, No. 1:19-CV-6399 (S.D.N.Y.), enjoys Eleventh Amendment immunity from suit in federal court, and Plaintiff has not brought suit under any statute abrogating that immunity.

*v. Experian*, No. 1:19-CV-6412 (S.D.N.Y. July 9, 2019); *Abergel v. Diversified Consultants, Inc.*, No. 1:19-CV-6411 (filed July 9, 2019); *Abergel v. Sprint Corp.*, No. 1:19-CV-6410 (filed July 9, 2019); *Abergel v. Red Bull N. Am.*, No. 1:19-CV-6409 (filed July 9, 2019); *Abergel v. New York*, No. 1:19-CV-6408 (filed July 9, 2019); *Abergel v. Rockstar, Inc.*, No. 1:19-CV-6407 (filed July 9, 2019); *Abergel v. Apple, Inc.*, No. 1:19-CV-6406 (filed July 9, 2019); *Abergel v. Monster Beverage Corp.*, No. 1:19-CV-6405 (filed July 9, 2019); *Abergel v. Experian*, No. 1:19-CV-6404 (filed July 9, 2019); *Abergel v. TransUnion*, No. 1:19-CV-6403 (filed July 9, 2019); *Abergel v. Bolthouse Juice Prod., LLC*, No. 1:19-CV-6402 (filed July 9, 2019); *Abergel v. Miamonides Hosp.*, No. 1:19-CV-6401 (CM) (S.D.N.Y. July 17, 2019) (transferring case to the United States District Court for the Eastern District of New York); *Abergel v. Equifax*, No. 1:19-CV-6400 (filed July 9, 2019); *Abergel v. New York*, No. 1:19-CV-6399 (UA) (filed July 9, 2019); *Abergel v. Verizon*, No. 1:19-CV-6398 (filed July 9, 2019); *Abergel v. Soc. Sec. Admin.*, No. 1:19-CV-6340 (filed July 8, 2019); *Abergel v. Atlas Recovery Sober Living*, No. 1:19-CV-6339 (filed July 8, 2019); *Abergel v. Juul Labs, Inc.*, No. 1:19-CV-6337 (filed July 8, 2019); *Abergel v. PAX Labs, Inc.*, No. 1:19-CV-6336 (filed July 8, 2019); *Abergel v. Energy Beverages, LLC*, No. 1:19-CV-6335 (filed July 8, 2019); *Abergel v. Prof'l Claims Bureau*, No. 1:19-CV-6334 (CM) (S.D.N.Y. July 17, 2019) (transferring case to the United States District Court for the Eastern District of New York); *Abergel v. The Money Store*, No. 1:19-CV-6285 (filed July 2, 2019); *Abergel v. Yahoo! Inc.*, No. 1:19-CV-6281 (filed July 7, 2019); *Abergel v. New York Lottery*, No. 1:19-CV-6088 (CM) (filed June 28, 2019); *Abergel v. Resorts World Casino*, No. 1:19-CV-6040 (CM) S.D.N.Y. July 8, 2019) (transferring case to the United States District Court for the Eastern District of New York); *Abergel v. Midland Credit Mgmt, Inc.*, No. 1:19-CV-6039 (filed June 26, 2019); *Abergel v. Zip Recruiter*, No. 1:19-CV-5936 (CM) (filed June 25, 2019); *Abergel v.*

*Fundomate LLC*, No. 1:19-CV-5884 (CM) (filed June 20, 2019); *Abergel v. Toyota Motor Sales, U.S.A., Inc.*, No. 1:19-CV-5883 (CM) (filed June 20, 2019); *Abergel v. Dover Downs Hotel & Casino*, No. 1:19-CV-5765 (CM) (S.D.N.Y. June 24, 2019) (transferring case to the United States District Court for the District of Delaware); *Gracie Square Hosp.*, No. 1:19-CV-5689 (LLS) (S.D.N.Y. July 15, 2019) (dismissing complaint for lack of subject matter jurisdiction); *Abergel v. Janssen Pharm., Inc.*, No. 1:19-CV-5681 (CM) (filed June 18, 2019); *Abergel v. New York State Gaming Comm'n*, No. 1:19-CV-5680 (LLS) (S.D.N.Y. July 12, 2019) (dismissing complaint for lack of subject matter jurisdiction); *Abergel v. Vital Pharm, Inc.*, No. 1:19-CV-5679 (CM) (filed June 18, 2019).

Several of Plaintiff's cases have already been transferred to other districts, *Dover Downs Hotel & Casino*, No. 1:19-CV-5765 (CM); *Resorts World Casino*, No. 1:19-CV-6040 (CM) (S.D.N.Y. July 8, 2019); *Miamonides Hosp.*, No. 1:19-CV-6401 (CM) (S.D.N.Y. July 17, 2019); *Prof'l Claims Bureau*, No. 1:19-CV-6334 (CM) (S.D.N.Y. July 17, 2019). In addition to the cases being dismissed as frivolous in this order, several others have been dismissed as frivolous or for lack of subject matter jurisdiction. *See New York State Gaming Comm'n*, No. 1:19-CV-5680 (LLS) (S.D.N.Y. July 12, 2019); *Gracie Square Hosp.*, No. 1:19-CV-5689 (LLS) (S.D.N.Y. July 15, 2019).

On July 12, 2019, the Court warned Plaintiff that it may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement). Plaintiff filed another action that same day, though it is unclear if he was aware of the Court's order when he did so, *Abergel v. Santender Bank*, No. 1:19-CV-6535 (filed July 12, 2019),

5

and a few days later he filed another action, *Bank of Am.*, No. 1:19-CV-6643 (filed July 16, 2019).

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred as of the date of this order from filing any further actions in this Court *in forma pauperis* without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within fourteen days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred as of the date of this order from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaints in these two actions ( 1:19-CV-6088; 1:19-CV-6398), filed *in forma pauperis* under 28 U.S.C. § 1915(a), are dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have fourteen days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 17, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____
Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                      Signature

_____          _____
Name                                    Prison Identification # (if incarcerated)

_____          _____
Address                        City              State     Zip Code

_____          _____
Telephone Number (if available)         E-mail Address (if available)